UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

BOZENA MOLYN,

                Plaintiff,

    -against-

THE HOME DEPOT USA, INC.,

                Defendant.
-------------------------------------------------------------------X

Docket No.

**PETITION FOR REMOVAL OF ACTION UNDER 28 U.S.C. §1446(a) DIVERSITY**

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF NEW YORK**:

    **PLEASE TAKE NOTICE** that Defendant HOME DEPOT U.S.A., INC. i/s/h/a THE HOME DEPOT USA, INC. ("Home Depot") hereby submits this Petition for Removal, with full reservation of all defenses, from the Supreme Court of the State of New York, County of KINGS, to the United States District Court, EASTERN DISTRICT of New York in accordance with 28 U.S.C. §1446 and respectfully represents as follows:

## PLAINTIFF'S COMPLAINT AND NATURE OF THE ACTION

    1.    This action was commenced against HOME DEPOT U.S.A., INC., in the Supreme Court of the State of New York, County of KINGS, with the Index Number 509290/2021 and was electronically filed April 21, 2021.

    2.    Pursuant to 28 U.S.C. §1446(a), a copy of the Summons and Complaint is attached hereto as **Exhibit "A."**

    3.    In her Complaint, Plaintiff alleges personal injury from an incident which occurred on April 16, 2020, at 579 Gateway Drive, in the County of Kings, City and State of New York due to Defendant's negligence (**Exhibit "A"**).

4. Home Depot U.S.A., Inc. was served on April 22, 2021 through the Secretary of State. **Exhibit "B"**.

5. Home Depot U.S.A., Inc.'s Answer to Plaintiff's Verified Complaint was electronically filed on July 13, 2021. **Exhibit "C"**.

## DIVERSITY JURISDICTION IS PROPER

6. No further proceedings have been had in the Supreme Court of the State of New York, County of Kings, as of the date of the filing of this Petition for Removal.

7. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332. The plaintiff has asserted a written demand for damages in excess of $75,000, exclusive of interest and costs and complete diversity of citizenship exists between Plaintiff and Defendant Home Depot U.S.A., Inc.

## DIVERSITY EXISTS

8. This firm represents Defendant HOME DEPOT U.S.A., INC. in this action.

9. At the time that this action was filed, Home Depot U.S.A, Inc., was and still is a corporation organized and existing under the laws of the State of Delaware and having the principal place of business at 2455 Paces Ferry Road SW, Atlanta, Georgia.

10. Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." For the purposes of federal diversity jurisdiction, based upon the above, Defendant are not citizens of the State of New York.

11. The Plaintiff, in the Complaint, alleges to be a citizen of the State of New York with a residence in the County of Kings **Exhibit "A"**.

12. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. §1441.

4887-9343-1818.1

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

13. Plaintiff has served a written demand confirming that they seek recovery in an amount in excess of $75,000, exclusive of interest and costs. Plaintiff's Verified Complaint cannot state the amount of damages Plaintiff deems herself entitled to (CPLR 3107(c)).

14. Home Depot U.S.A., Inc. served Demand for Supplemental Statement of Damages on or about July 22, 2021. **Exhibit "D"**.

15. Plaintiff provided a response to the supplemental statement of damages on February 27, 2022 and seeks an amount well in excess of $75,000.

16. Home Depot submits that Plaintiff's Response to Home Depot's Demand for Supplemental Statement of Damages in excess of $75,000 proves that the claim is in excess of [$75,000]. *United Food & Commercial Workers Union, Local 919, AFL-CIO v CenterMark Properties Meriden Square, Inc.,* 30 F.3d 298, 305 (2d Cir. 1994)(quoting *Tongkook Am, Inc. v. Shipton Sportswear Co.,* 14 F.3d 781, 784 (2d Cir. 1994).

17. Home Depot reserves its rights to contest the nature and extent of liability of plaintiff's damages. Nevertheless, if liability is ever established, the allegation that Plaintiff sustained serous personal injuries, if proven, may convince a trier of fact to award such injured plaintiff an amount in excess of $75,000.

## REMOVAL IS TIMELY

18. Pursuant to 28 U.S.C. §1446(b), which provides that a Notice of Removal shall be filed within thirty (30) days after receipt by defendant, by service or otherwise, of the initial pleading or of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, this Petition for Removal is timely filed.

4887-9343-1818.1

## **NOTICE**

19. Pursuant to 28 U.S.C. §1446, a copy of this Notice of Removal is being filed with the Supreme Court of the State of New York, County of Kings.

## **VENUE IS PROPER**

20. The United States District Court for the EASTERN DISTRICT of New York includes the county in which the state court action was pending (Kings County) and thus, pursuant to 28 U.S.C. §124(b)(2), venue is proper.

## **RESERVATION OF DEFENSES AND RIGHTS**

21. Home Depot reserve all defenses, including, without limitation, the defense of lack of personal jurisdiction.

22. Home Depot reserves the right to amend or supplement this Petition for Removal.

23. If any question arises as to the propriety of the removal of this action, Home Depot respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**THEREFORE**, all parties to the Civil Action pending in the Supreme Court of the State of New York, County of Kings, Index No. 509290/2021 are **HEREBY NOTIFIED** pursuant to 28 U.S.C. §1446 and Local Civil Rule 81.1, as follows:

Removal of the Civil Action and all claims and causes of action therein is effected upon the filing of a copy of this Notice of Removal with the Clerk of the State Court pursuant to 28 U.S.C. §1446. The Civil Action is removed from the State Court to the United States District Court, EASTERN DISTRICT of New York. The parties to the Civil Action shall proceed no further in the State Court.

4887-9343-1818.1

**WHEREFORE**, Defendant HOME DEPOT U.S.A., INC., prays that this cause of action now pending in the Supreme Court of the State of New York, County of Kings, be removed to the United States District Court, EASTERN DISTRICT of New York.

Dated: New York, New York
      March 11, 2022

                        LEWIS BRISBOIS BISGAARD & SMITH, LLP

                By: *Steven Montgomery*
                      _____
                      David M. Pollack (DP 6143)
                      Steven R. Montgomery (SM4514)
                      Amneet Mand (5701180)
                      *Attorney for Defendant*
                      *HOME DEPOT U.S.A., INC.*
                      *i/s/h/a THE HOME DEPOT USA, INC.*
                      77 Water Street – Suite 2100
                      New York, New York 10038
                      212.232.1300
                      David.Pollack@lewisbrisbois.com
                      Steven.Montgomery@lewisbrisbois.com
                      Amneet.Mand@lewisbrisbois.com

TO:
Pawel Szymanski, Esq.
GREEN & SYZMANSKI, LLP
*Attorneys for Plaintiff BOZENA MOLYN*
195 Montague Street – 14th Floor
Brooklyn, New York 11201
718.872.9292

4887-9343-1818.1